UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Terryett O. Woods,<br><br>            Plaintiff(s),<br><br>vs.<br><br>Store Front/Valley Behavioral Health,<br><br>            Defendant(s). | 2:24-cv-00476-APG-MDC<br><br>**Order** |

      Pending before the Court are plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 1. The Court denies plaintiff's application without prejudice and orders plaintiff to file the long-form IFP application.

### DISCUSSION

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

      The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

The Court finds that it cannot determine plaintiff's IFP status at this time. Plaintiff indicated on her IFP that she receives $1,369 a month in wages. ECF No. 1 at 1, but plaintiff left out information regarding her employer and place of employment. *Id.* Plaintiff also indicated that she receives either disability or worker's compensation payments; however, plaintiff failed to indicate how much she receives in such payments. *Id.* For the purposes of the analysis, the Court construes plaintiff's IFP application to state that she receives $1,369 in disability or worker's compensation. Plaintiff indicated that she has $0 in her checking or savings account. *Id.* at 2. She also indicated that she does not own any other items of

value. *Id.* Plaintiff indicated that she makes cell phone payments and medical expenses for Humana "out of pocket." *Id.* Although difficult to read, it seems that plaintiff makes about $30 a month in cell phone payments; however, plaintiff does not indicate how much she pays towards medical expenses. Plaintiff did not indicate that she makes any rental, utility, or subscription payments. The Court finds such a lack of information inconsistent with its public records search. A search of the address provided by plaintiff reveals that it is a commercial address, specifically a rental mailbox. Plaintiff did not indicate in her IFP what payments she makes towards this service. Because the Court found that plaintiff's address is a rental mailbox, the Court ran a public records search. A residential address was found where plaintiff was listed as a resident. Given the existence of a residential address, plaintiff has either failed to disclose this asset or plaintiff has failed to indicate the payments she makes towards this address, either in rent (or mortgage), utilities, or both.

Because plaintiff failed to disclose all her financial information, the Court cannot determine her IFP status at this time. The Court will give plaintiff one more chance and orders plaintiff to file the long-form IFP application. Plaintiff cannot leave any questions blank, nor can she simply answer the question with "N/A." Plaintiff must answer all questions with detailed explanations regarding her financial situation.

Accordingly,

**IT IS ORDERED** that Plaintiff must either submit the long-form IFP application or pay the full filing fee by **Friday, April 19, 2024**. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 20th day of March 2024

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge