**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Terryett O. Woods,<br><br>              Plaintiff(s),<br><br>vs.<br><br>Store Front/ Valley Behavioral Health,<br><br>              Defendant(s). | **2:24-cv-00476-APG-MDC**<br><br>**Report and Recommendation** |

On March 11, 2024, pro se plaintiff Terryett O. Woods filed an Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1). On March 20, 2024, I denied the IFP because I could not determine whether plaintiff qualified for IFP status based on the information provided. ECF No. 3. Plaintiff indicated that she receives $1,369 in disability or worker's compensation. See ECF No. 1 at 1; see also ECF No. 3 at 2:23-24. Plaintiff also indicated that she has no money in her checking or savings account, has no other items of value, and makes cellphone payments and medical expenses. ECF No. 1 at 2; ECF No. 3 at 2-3. I noted that plaintiff seems to pay about $30 a month in cellphone payments but does not specify how much she pays towards medical expenses. ECF No. 3 at 3:2-3. Plaintiff also did not indicate that she makes any rental, utility, or subscription payments which I found to be inconsistent with a public records search. ECF No. 3 at 3:3-5. I noted that the address provided by plaintiff is a rental mailbox address. I found plaintiff failed to disclose what payments she makes towards this service. ECF No. 3 at 3:6-7. I also found that the public records search revealed a residential address which listed plaintiff as a resident. ECF No. 3 at 3:8-9. I noted that plaintiff either failed to disclose this asset or failed to disclose what payments she makes, either in rent (or mortgage), utilities, or both. ECF No. 3 at 3:9-11. I gave plaintiff another chance to either (1) complete a long-form IFP with detailed information about her financial situation or (2) pay the full filing by April 19, 2024. I warned plaintiff that failure to

timely comply with the Order may result in a recommendation that her case be dismissed. Plaintiff has failed to timely comply with the Order.

ACCORDINGLY,

**IT IS RECOMMENDED** that the case be dismissed.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 30th day of April 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge